1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                    * * *

9    JUAN E. MANZUR,                        Case No. 3:16-cv-00650-MMD-WGC

10                          Petitioner,                    ORDER

11        v.

12   BACA, *et al.*,

13                          Respondents.

14

15          This habeas matter comes before the Court for initial review under Rule 4 of the

16   Rules Governing Section 2254 Cases and on petitioner's motion to delay action. (ECF

17   No. 4.) Following upon initial review, the Court finds that the petition must be dismissed

18   without prejudice as a successive petition, without further delay.

19   **I.      BACKGROUND**

20          Petitioner seeks to challenge the duration of his custody under his April 6, 2004,

21   Nevada state conviction, pursuant to a guilty plea, of first-degree kidnapping; battery

22   with the use of a deadly weapon with substantial bodily harm; battery with substantial

23   bodily harm; assault with a deadly weapon; discharging a firearm at or into a structure,

24   vehicle, aircraft or watercraft; two counts of coercion; and two counts of child abuse and

25   neglect.

26          Petitioner filed a federal petition in this Court challenging the same conviction in

27   Case No. 2:07-cv-00384-JCM-RJJ. The Court denied that petition as untimely; and the

28   Court of Appeals denied a certificate of appealability in No. 10-15444 in that court.

1    Petitioner filed a second federal petition pertaining to the conviction in 3:16-cv-

2  00571-MMD-VPC. The Court dismissed that action without prejudice because petitioner

3  had not properly commenced the action by either paying the filing fee or submitting a

4  properly completed application to proceed *in forma pauperis*. The dismissal order further

5  stated:

6         In addition, the Court notes that petitioner appears to have a previous case
         under 28 U.S.C. § 2254 with respect to the conviction challenged in this
7         newly-submitted petition: *Manzur v. Williams*, 2:07-cv-00384-JCM-RJJ. In
         that proceeding, the court dismissed the petition with prejudice based on
8         a finding it was untimely-filed. (ECF No. 32, 2:07-cv-00384-JCM-RJJ.) If
         that is the case, petitioner is advised that 28 U.S.C. § 2244(b) requires him
9         to obtain leave from the appropriate court of appeals before filing a second
         or successive petition in the district court. *See McNabb v. Yates*, 576 F.3d
10         1028, 1030 (9th Cir. 2009) (holding that the dismissal of a federal petition
         on the ground of untimeliness is a determination "on the merits" for
11         purposes of § 2244(b)).

12

13  Case No. 3:16-cv-00571-MMD-VPC, ECF No. 2 at 2.

14    Review of the Ninth Circuit's online docket records reflects that petitioner filed an

15  application for permission to file a second or successive petition in the Ninth Circuit on

16  October 28, 2016, under No. 16-73472.

17    On or about October 30, 2016, without first actually having obtained permission

18  from the Ninth Circuit to file a second or successive petition, petitioner mailed another

19  habeas petition to the Clerk of this Court, which was filed under Case No. 3:16-cv-

20  00630-MMD-VPC. The Court dismissed that petition as a successive petition on

21  November 9, 2016.

22    On or after October 31, 2016, also without first having obtained permission to file

23  a second or successive petition, petitioner mailed the present habeas petition to the

24  Clerk.

25    On or about November 11, 2016, petitioner mailed for filing a motion to delay

26  action on the present petition until after the Ninth Circuit has acted on his application for

27  permission to file a second or successive petition. He asserts that, absent such delay, a

28  ///

2

decision in this case likely would be the "same as the decision . . . in . . . 3:16-cv-00630." ECF No. 4.

Petitioner indisputably did not obtain permission from the Court of Appeals prior to the filing of this action as required by § 2244(b)(3)(A). Nor had such permission been granted as of this Court's most recent review of the appellate court's online docket record.

Review of the online docket record of the state district court confirms that there has been no intervening amended or corrected judgment filed since the time of the April 6, 2004, original judgment of conviction.

## II.    DISCUSSION

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. If an earlier federal petition is dismissed as untimely, a subsequent petition challenging the same judgment of conviction or sentence will constitute a second or successive petition. *See, e.g., McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009).

There is no dispute that the present petition is a successive petition, and petitioner clearly was aware of the successive nature of the petition when he filed it. In the present petition, petitioner challenges the duration of his custody under the same judgment of conviction that he previously challenged in Case No. 2:07-cv-00384. That prior petition was dismissed with prejudice as untimely. There has been no intervening judgment in the state district court. Petitioner has applied for — but did not first obtained — permission from the Court of Appeals to pursue a successive petition. The petition therefore is subject to immediate dismissal for lack of jurisdiction as a successive petition.

Petitioner has presented no valid reason for delaying dismissal of this action. Petitioner indicates that he is seeking to avoid the same result as in Case No. 3:16-cv-

1   00630, a dismissal. However, petitioner's assertion in this regard merely highlights that

2   he has filed multiple admittedly successive actions in this Court in a vain effort to achieve

3   a different result.

4          Dismissal of this action without prejudice will not materially impact an analysis of

5   the application of the federal one-year limitation period in a later action even in the event

6   that the Court of Appeals were to grant petitioner permission to pursue a successive

7   petition. The federal limitation period expired over a decade ago on May 6, 2005. (*See*

8   Case No. 2:07-cv-00384, ECF No. 32 at 3-4.) Petitioner's claims in this action are based

9   on alleged errors in a pre-sentence investigation report filed in the state district court,

10  also over a decade ago, based on alleged personal facts that clearly would have been

11  known to petitioner at the time. Even petitioner's fanciful allegations as to the alleged

12  reasons why he did not present such facts at the time would not explain the failure to do

13  so for the intervening twelve years. There is no reasonable prospect that the filing date

14  of the present petition would be material to an analysis of the application of the federal

15  limitation period in a later action.

16         This action, therefore, will be dismissed without further delay. If petitioner

17  continues to file successive petitions in this Court without first *obtaining* permission to

18  pursue a successive petition, he may be subjected to sanctions and/or designation as a

19  restricted filer.

20  **III.    CONCLUSION**

21         It is therefore ordered that the petition will be dismissed without prejudice for lack

22  of jurisdiction as a successive petition.

23         It is further ordered that petitioner's motion to delay action (ECF No. 4) is denied.

24         It is further ordered that a certificate of appealability is denied, as jurists of reason

25  would not find the Court's dismissal without prejudice on procedural grounds to be

26  debatable or incorrect, for the reasons discussed herein.

27         It is further ordered, pursuant to Rule 4 of the Rules Governing Section 2254

28  Cases, that the Clerk of Court will make informal electronic service upon respondents

4

by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The Clerk will enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 15th day of December 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE